**SIGNED THIS: July 13, 2011**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LYNDOL D. KREPS and | ) | No.  05-84042 |
| PAMELA R. KREPS, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| LYNDOL D. KREPS and | ) | |
| PAMELA R. KREPS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. No. 11-8012 |
| | ) | |
| ILLINOIS DEPARTMENT OF HEALTH- | ) | |
| CARE AND FAMILY SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

### O P I N I O N

When the Debtors, Lyndol and Pamela Kreps (Debtors), filed their Chapter 13 petition on August 15, 2005, Lyndol owed back child support to his ex-wife, Charlotte Henricks.  The Debtors failed to schedule Charlotte as a creditor or her claim as a debt.

Somehow the Illinois Department of Healthcare and Family Services (DHFS), which operates a child support collection program, found out about the bankruptcy case and filed a timely proof of claim for a priority amount of $7,439.75 and an unsecured non-priority amount of $10,782.21.

After the Trustee moved to dismiss the case because the confirmed plan failed to pay the priority portion of the DHFS claim, the Debtors objected to the claim. Before its resolution, the Debtors withdrew the objection and instead moved for and obtained a plan modification to pay the priority amount through the plan, in full, but without interest.

The Debtors completed their plan and received a full compliance discharge. According to the Trustee's Final Report, he paid the DHFS priority amount in full without interest and paid the additional amount of $740.24 to the DHFS as its ratable share on the unsecured claim.

The DHFS continues to pursue collection of interest that accrued on the priority claim amount postpetition, that was not provided for in the plan and was not paid by the Trustee. The Debtors filed an adversary complaint and an amended complaint alleging the DHFS is violating the discharge injunction. The DHFS filed a motion to dismiss, which the Court will treat as one for summary judgment pursuant to Fed. R. Bankr. Pro. 7012(d).

The Debtors' sole argument is that the *res judicata* effect of plan confirmation under section 1327(a) bars the DHFS's claim for postpetition interest. The Debtors do not dispute that interest accrues on unpaid child support as provided by Illinois statutory law, as this Court recognized in *In re Eichwedel,* 2007 WL 2212396 (Bankr.C.D.Ill. 2007). The Debtors

do not dispute that the priority portion of the claim filed by the DHFS was properly entitled to priority status under section 507(a)(7) and, as such, was required to be paid in full through the Chapter 13 plan, and that the debt, including the postpetition interest thereon, is nondischargeble under sections 523(a)(5) and 1328(a)(2).[1]

The DHFS concedes that the confirmed plan, as modified, did not propose or require the payment of interest on the allowed priority claim of $7,439.75, which was paid in full without interest by the Trustee. The DHFS points out that its proof of claim expressly states that the amounts were calculated as of the filing date and that interest will continue to accrue on the unpaid support until paid in full. The DHFS contends that the absence of an interest payment provision in the confirmed plan does not bar its collection of the interest on a nondischargeable debt.

The DHFS's position finds much support in the caselaw. The only circuit level opinion is that of the 9th Circuit in *In re Foster*, 319 F.3d 495 (9th Cir. 2003), where the debtor's Chapter 13 plan paid the principal amount of his child support arrearages without interest. After the debtor completed the plan payments and received a discharge, a governmental unit continued to collect the interest on the arrearages. The 9th Circuit rejected the debtor's argument that the government's failure to specifically request interest or object to the plan constituted a waiver of the right to collect postpetition interest. The court held that postpetition interest on child support is an obligation of the debtor, only, not of the estate, and so is not properly paid through a plan. The court further held that

---

[1] Because this case was filed on August 15, 2005, prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), the pre-BAPCPA versions of those statutes apply here.

the postpetition interest is nondischargeable and may be collected personally against the debtor after the bankruptcy case is over.

The 9th Circuit in *Foster* relied upon section 502(b)(2), which provides that a claim is not allowable to the extent it is for unmatured interest. The purpose of disallowing unmatured interest is to avoid unfairness to competing creditors and to avoid administrative inconvenience. *In re National Energy & Gas Transmission, Inc.,* 492 F.3d 297, 301 (4th Cir. 2007). It also allows the trustee to object to questionable claims without the risk that an unsuccessful objection will result in an increased claim amount on account of the continued accrual of interest. *Matter of Fesco Plastics Corp., Inc.,* 996 F.2d 152, 155 (7th Cir. 1993). Unmatured interest is simply defined as interest that is not yet due as of the petition date. *In re Shoen,* 176 F.3d 1150, 1154 (9th Cir. 1999). The statutory prohibition against allowing unmatured interest applies to dischargeable and nondischargeable claims alike.

The decisions of courts outside the 9th Circuit uniformly adopt the same principle as *Foster*, that a debtor's personal liability for postpetition interest on nondischargeable child support arrearages is not affected by a Chapter 13 discharge, and the interest may be collected thereafter as a personal liability of the debtor. *In re Burnett,* 408 B.R. 233 (8th Cir.BAP 2009); *In re Penaran,* 424 B.R. 868, 879 (Bankr.D.Kan. 2010); *In re Hernandez,* 2007 WL 3998301 (Bankr.E.D.Tex. 2007); *In re Boccio,* 281 B.R. 171, 175 (Bankr.E.D.N.Y. 2002); *In re Witaschek,* 276 B.R. 668 (Bankr.N.D. Okla. 2002) (*res judicata* effect of confirmed plan does not apply if claim is nondischargeable); *In re Crable,* 174 B.R. 62 (Bankr.W.D.Ky. 1994).

Although BAPCPA created a new definition for Domestic Support Obligation, section 101(14A), and a differentiated priority for support debts owed to a governmental unit, section 507(a)(1), it did not alter the rule of decision applicable here.[2]  *See Penaran, supra.*

This Court adopts the reasoning of these courts.  To the extent child support arrearages are nondischargeable in Chapter 13, the arrearages continue to accrue interest as provided by state law.  The postpetition interest is the liability of the debtor personally, not of the estate, is not subject to discharge in the case and is collectible thereafter.  The *res judicata* effect of confirmation under section 1327(a) has no effect on a debtor's continuing liability for payment of the unmatured interest that accrues postpetition.  There is no question of material fact and the DHFS is entitled to judgment as a matter of law.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###

---

[2] The same rule of decision disallowing postpetition interest applies to nondischargeable tax debts and student loans. *See In re Tuttle,* 291 F.3d 1238 (10th Cir. 2002) (even after confirmation and successful completion of plan, debtor remained personally liable for postpetition interest on nondischargeable tax debt); *In re Kielisch,* 258 F.3d 315 (4th Cir. 2001) (student loans); *In re Cousins,* 209 F.3d 38 (1st Cir. 2000) (tax debt); *Leeper v. Pennsylvania Higher Educ. Assistance Agency,* 49 F.3d 98 (3rd Cir. 1995) (student loans).